United States District Court
Southern District of Texas
**ENTERED**
September 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STRESS ENGINEERING SERVICES, INC., § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:21-CV-03210 | |
| § | | |
| BRIAN OLSON AND BECHT ENGINEERING CO., INC., § § § | | |
| Defendants. § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court are the August 21, 2023 Order Denying Defendants' Motion to Strike Plaintiff's Amended Supplemental Identification of its Trade Secrets (Dkt. No. 125) and the August 25, 2023 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 126). In the M&R, Judge Bray made findings and conclusions and recommended that Plaintiff's Motion for Partial Summary Judgment Against Defendant Brian Olson, (Dkt. No. 82), be denied; that Defendant Olson's Motion for Summary Judgment, (Dkt. No. 104), be denied in part; and that Defendant Olson's objections to the evidence be denied. (Dkt. No. 126). The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

On September 5, 2023, Defendants objected to Judge Bray's non-dispositive order denying Defendant Olson's Motion to Strike Plaintiff's Amended Supplemental

Identification of Its Trade Secrets, (Dkt. No. 88). (Dkt. No. 127). On September 12, 2023, Plaintiff filed a response to Defendants' objections. (Dkt. No. 129). In accordance with 28 U.S.C. § 636(b)(1)(A), the Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The Court has considered Defendant Olson's objection and finds that Judge Bray's ruling was neither clearly erroneous nor contrary to law.

On September 8, 2023, Defendant Olson filed four objections to Judge Bray's recommendation that Defendant Olson's motion for summary judgment be denied. (Dkt. No. 128). First, Defendant Olson objects to Judge Bray's denial of summary judgment on Plaintiff's breach of contract claim. (*Id.* at 3–5). Second, Defendant Olson objects to Judge Bray's denial of summary judgment on Plaintiff's breach of fiduciary duty claim. (*Id.* at 5–7). Third, Defendant Olson objects to Judge Bray's denial of summary judgment on Plaintiff's Defend Trade Secrets Act misappropriation claim. (*Id.* at 8–11). Fourth, Defendant Olson objects to Judge Bray's denial of summary judgment on Plaintiff's civil conspiracy claim. (*Id.* at 12).

Defendant Olson also seeks clarification of Judge Bray's ruling that Defendant Olson's motion for summary judgment was denied in part. With respect to the breach of contract, Judge Bray recommended that both parties' motions for summary judgment be denied. (Dkt. No. 126 at 10–11). The Court notes, however, that in its Response to Olson's Objections, SES states that it is not "opposed to excising the confidentiality clause from its breach of contract claim[.]" (Dkt. No. 130 at 8). Accordingly, summary judgment is hereby **GRANTED** as to the portion of SES's breach of contract claim that is based on the

confidentiality clause. With respect to breach of fiduciary duty, for the reasons stated in Judge Bray's earlier recommendation, (Dkt. No. 55), Judge Bray recommended that summary judgment be granted on all of SES's breach of fiduciary duty claims that are based on disclosure of confidential information because those claims are preempted by TUTSA. (Dkt. No. 126 at 13). Judge Bray also recommended that summary judgment be granted on SES's breach of fiduciary duty claim to the extent that it is based on Olson's acceptance of employment while still an employee of SES. *Id.* at 14. Judge Bray recommended that Olson's motion for summary judgment on the breach of fiduciary duty claim be otherwise denied. *Id.* at 16. Judge Bray recommended that Olson's motion for summary judgment be denied as to SES's claims for misappropriation of trade secrets. *Id.* at 17–23. With respect to civil conspiracy, Judge Bray already found that "[t]he only part of the civil conspiracy claim that can survive preemption is that which is based on Olson's acceptance of employment while still employed at SES and his diversion of customers to Becht." (Dkt. No. 55 at 16). Accordingly, Judge Bray recommended that SES's civil conspiracy claim survive summary judgment only to the extent that the breach of fiduciary duty claim also survives summary judgment. (Dkt. No. 126 at 24). The recommendation is therefore that summary judgment should be granted as well on SES's civil conspiracy claim to the extent it is based on breach of contract.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in

3

part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made and reviewed proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court, with the exception that summary judgment is hereby **GRANTED** as to the portion of SES's breach of contract claim based on the confidentiality clause.

It is therefore ordered that: Judge Bray's M&R (Dkt. No. 126) is **ACCEPTED in Part** and **ADOPTED, except as stated above** as the holding of the Court; and

(1) Defendants' Motion to Strike Plaintiff's Amended Supplemental Identification of its Trade Secrets, (Dkt No. 101), is **DENIED**.

(2) Plaintiff's Motion for Partial Summary Judgment Against Defendant Brian Olson, (Dkt. No. 82), is **DENIED**;

(3) Defendant Olson's Motion for Summary Judgment, (Dkt. No. 104), is **DENIED IN PART**;

(4) Defendant Olson's objections to the evidence are **DENIED**.

It is SO ORDERED.

Signed on September 25, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**